IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| *In re:* | * | |
| | * | |
| OSVALDO SOTO | * | BANRKUPTCY NO. 10-32521 |
| | * | |
| Debtor | * | CHAPTER 7 |

**MOTION TO RECONSIDER AND DETERMINE PROPERTY OF THE ESTATE**

COMES NOW the above-named debtor, by and through his attorney of record, and moves this Honorable Court to reconsider a determination of what is property of the estate on the following grounds:

1. On or about September 30, 2010, the Debtor filed a voluntary petition for a Chapter 7 Bankruptcy with the Clerk of this Court.

2. The § 341 Meeting of Creditors was held on November 9, 2010 in Greenbelt Maryland.

3. At the § 341 Meeting of Creditors, the Trustee instructed Debtor to send him the Federal and State tax refunds.

4. On or about December 3, 2010, the Trustee's office contacted Debtor's counsel to get a status update on the refund checks.

5. On or about February 7, 2011, Debtor sent the Trustee the refunds which totaled $9,681.20, half of which belonged to his non-filing spouse.

6. On or about February 8, 2011, the Trustee filed a Notice of Assets on the Court's electronic filing system.

7. On or about February 15, 2011, the Trustee filed a Notice of Need to File a Proof of Claim, with a deadline of May 16, 2011.

8. On or about June 7, 2011, Debtor's counsel called the Trustee's office regarding the return of the non-filing spouse's share of the joint tax refund.

9. Debtor's counsel explained that some of the monies should have been refunded because the non-filing spouse's income had been used to calculate the refund.

10. The Trustee's office informed Debtor's counsel that the money could not be returned because it had already been earmarked for distribution to the creditors who filed a Proof of Claim.

11. On or about June 15, 2011, the Trustee filed his Final Report and Account, showing that all of the $9,681.20, minus the Trustee's fees and costs, was to be distributed to the creditors.

12. The non-filing spouse's share of the refund is not property of the estate per 11 U.S.C. 541 and should not have been marked for distribution to the creditors of the bankruptcy estate. *See In re Spina, 416 B.R. 92 (Bankr. E.D.N.Y. 2009); In re Garbett, 410 B.R. 280 (Bankr. E.D. Tenn. 2009)*

WHEREFORE the Debtor prays of this Court for the following:

a. A determination that the non-filing spouse's portion of the tax refund is not property of the Debtor's bankruptcy estate
b. An order directing the Chapter 7 Trustee to refund to the non-filing spouse her share of the tax refunds, as determined by this Court.
c. Any such other and further relief that this Court deems necessary and just.

Respectfully submitted this 17th day of June, 2011

**/s/ Christina E. Shin**
Christina E. Shin, Bar No. 28766
5906 Hubbard Dr.
Rockville, MD 20852
TEL: 301-770-4710 / FAX 301-770-4711
cshin@rowepllc.com

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of June, 2011, I caused the foregoing Motion to Reconsider and for Determination, Notice of Hearing, and Proposed Order to be served by first class mail, postage prepaid, on the following interested parties:

Roger Schlossberg
134 W. Washington St.
Hagerstown, MD 21740

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

/s/ Christina E. Shin
**Christina E. Shin**