IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:
 OSVALDO SOTO                  *        Bankruptcy No. 10-32521-TJC
    Debtor                                        (Chapter 7)
                                          *

                      *    *    *

**TRUSTEE'S ANSWER TO MOTION TO RECONSIDER
AND DETERMINE PROPERTY OF THE ESTATE**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW Roger Schlossberg, by and through his undersigned counsel, and by way of *Response* to the Debtor's *Motion to Reconsider and Determine Property of the Estate* (the "*Motion*"), hereby respectfully represents as follows:

      1. In the *Motion*, the Debtor purports to review the history of the subject Chapter 7 case with regard to the disposition of the sole non-exempt asset unearthed by the Trustee at the First Meeting of Creditors conducted herein on November 9, 2010. However, the Debtor's recitation of the history of this case and the present status of the same does not accurately reflect the Trustee's records and the public record herein.

      2. As the docket of these proceedings will reveal, the First Meeting of Creditors was conducted on November 9, 2010. At that Meeting of Creditors, the undersigned Trustee took note of the existence of substantial non-exempt tax refunds due to the Debtor for tax year 2009. Accordingly, the Trustee directed the Debtor that, upon receipt of those tax refunds, the same should be turned over to the Trustee.

      3. Approximately one month later, the Trustee contacted the office of the Debtor's counsel and reminded said counsel of the Debtor's obligation to turn over said tax refunds. In

response thereto, on December 3, 2010, the office of Debtor's counsel acknowledged said responsibility, but asserted that said tax refunds had not yet been received by the Debtors.

    4. Showing great restraint, the office of the undersigned Trustee waited, in vain, for an additional two months for the delivery of said tax refund checks. Finally, on February 3, 2011, the office of the undersigned Trustee made renewed inquiry of counsel for the Debtor as to the status of delivery of said tax refund checks. In response to that inquiry, the office of the undersigned Trustee was assured that the same had been mailed to the Trustee at least a week prior thereto. After several days of back-and-forth, the office of Debtor's counsel belatedly advised on February 7, 2011 that said checks then had been sent by certified mail and would be received shortly by the Trustee. Finally, on February 8, 2011, said checks were received by the undersigned Trustee in the aggregate sum of $9,681.00. Interestingly, although said checks were not received as aforesaid until February 8, 2011, the State of Maryland refund in the amount of $4,232.00 was dated December 3, 2010 and the IRS refund in the amount of $5,449.00 was dated December 17, 2010. No explanation was provided by the Debtors or their counsel for the delay in turn over of the same.

    5. In due course, and after opportunity for the filing and review of claims, the undersigned Trustee filed his *Trustee's Final Report* and provided *Notice* thereof to all parties-in-interest therein on June 15, 2011. As of the date hereof, there has not been filed with this Court any *Objection* to the *Trustee's Final Report*; however, the Trustee does take note of the filing of the instant *Motion* which, perhaps, will be treated by the Court as such an *Objection* to the *Trustee's Final Report*.

    6. The undersigned Trustee denies the allegations contained in Paragraph 8, 9 and 10 of the *Motion* concerning an alleged telephone conference with the office of Trustee's counsel on

June 7, 2011. As evidenced by the above detailed review of the Debtor's delayed turn over of the tax refunds, the undersigned Trustee's office maintains a careful record of all communications with debtors, counsel, creditors and other parties-in-interest. Unfortunately, said records reveal no communications on or about June 7, 2011 and no discussions concerning the alleged entitlement of the Debtor's non-filing spouse to a portion of the tax refund.

      7. The undersigned Trustee respectfully submits that if the Debtor's non-filing spouse contends that she has an entitlement to any portion of said tax refunds, the burden squarely is upon said non-filing spouse to establish that portion of the tax refunds to which she is entitled. At the present time, neither the files of the undersigned Trustee nor anything filed with this Court provide sufficient information to consider the merits of the claim of the Debtor's non-filing spouse in that regard.

      WHEREFORE, your Trustee respectfully prays that this Honorable Court:

      1. DENY the *Motion to Reconsider and Determine Property of the Estate*.

      2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG & ASSOCIATES

By:    */s/ Roger Schlossberg*
     Roger Schlossberg
     134 West Washington Street
     P.O. Box 4227
     Hagerstown, MD 21741-4227
     Telephone: (301) 739-8610

Attorney for Trustee

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 14th day of July, 2011, that a copy of the foregoing was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court.

                                                */s/ Roger Schlossberg*
                                                Roger Schlossberg